**EXHIBIT A**



*5285214*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ZALE DELAWARE, INC. and DOES 1 TO 10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JACKIE FLORES, on behalf of herself and all others similarly situated

FILED ALAMEDA COUNTY
FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

NOV 29 2006

CLERK OF SUPERIOR COURT
BY Alphonsine Oates
DEPUTY

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Rene C. Davidson Alameda County Courthouse
1225 Fallon St., Oakland, CA 94612

CASE NUMBER
*(Número del Caso):*
RG06300085

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jade Butman (SBN 235920)
KELLER GROVER LLP, 425 Second Street, Suite 500, San Francisco, CA 94107 (415) 543-1305

DATE: NOV 29 2006                Clerk, by Alphonsine Oates, Deputy
*(Fecha)*      PAT S. SWEETEN     *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Zale Delaware, Inc.

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

*5285210*

FILED ALAMEDA COUNTY

NOV 29 2006

CLERK OF SUPERIOR COURT
BY _____ , Clerk
DEPUTY

1  ERIC A. GROVER (136080)
   JADE BUTMAN (235920)
2  KELLER GROVER LLP
   425 Second Street, Suite 500
3  San Francisco, California 94107
   Phone: (415) 543-1305
4  Facsimile: (415) 543-7861

5  Attorneys for Plaintiff
   Jackie Flores
6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        IN AND FOR THE COUNTY OF ALAMEDA

10

11  JACKIE FLORES, on behalf of herself and all )  Case No.          RG06300085
    others similarly situated,                 )
12                                             )  CLASS ACTION
                                               )
13                      Plaintiff,             )  COMPLAINT FOR UNPAID WAGES,
                                               )  DISGORGEMENT, RESTITUTION AND
14          v.                                 )  OTHER RELIEF BASED ON
                                               )  VIOLATIONS OF:
15                                             )
    ZALE DELAWARE, INC., and DOES 1 TO         )  1.    California Labor Code; and
16  10, inclusive,                             )
                                               )  2.    California Business and Professions
17                      Defendants.            )        Code §§17200 et seq.
                                               )
18                                             )       DEMAND FOR JURY TRIAL
                                               )
19  _____ )

20

21

22

23

24

25

26

27

28

                              Class Action Complaint
                                    Case No.

1    Plaintiff Jackie Flores (hereafter, "Flores" or "Plaintiff"), by and through her attorneys,
2  alleges upon personal knowledge as to herself and her acts stated herein, and upon information and
3  belief (based upon, *inter alia*, the investigation made by her attorneys) as to all other matters, as
4  follows:

5                              **I. NATURE OF THE CASE**

6    1.    This is a class action, pursuant to Code of Civil Procedure § 382 and Business &
7  Professions Code § 17200 *et seq.*, seeking 1) unpaid overtime compensation and interest thereon;
8  2) compensation for missed meal and rest periods; 3) civil penalties for failure to provide accurate,
9  itemized wage statements; 4) waiting time penalties; 5) injunctive and other equitable relief; and
10  6) reasonable attorneys' fees and costs.

11    2.    This Complaint asserts claims against Defendant for (a) violations of California
12  Labor Code and Industrial Wage Commission ("IWC") Orders; and (b) violation of the Unfair
13  Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*

14    3.    This action is brought as a class action on behalf of all persons who, at any time
15  during the four (4) years preceding the filing of this Complaint up to and including the present, were
16  employed in a salaried position at a "Zales" or "Zales Jewelers" retail location within the State of
17  California that was or is owned and operated by Defendant Zale Delaware, Inc. ("Defendant") or
18  any predecessor entity, and did not receive overtime compensation, itemized wage statements, meal
19  and rest periods, and/or payment of unpaid wages due upon termination of their employment.

20    4.    At all times relevant herein, Labor Code § 510, Code of Regulations § 11070, and
21  corresponding IWC Wage Order No. 7-2001, required payment of overtime wages equal to one and
22  one-half times an employee's regular rate of pay for all hours worked over eight (8) hours per day,
23  or forty (40) hours in a work week, and for payment of overtime wages equal to double the
24  employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any work day
25  and for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one (1)
26  work week. As alleged herein, Defendant has intentionally and improperly designated its salaried
27  retail managers, including Plaintiff and the members of the Class, as "exempt" managers in order
28

Class Action Complaint
Case No.                                                                    1

1   to avoid payment of overtime wages and other benefits in violation of the Labor Code, the Code of

2   Regulations, and IWC Wage Order 7-2001.

3       5.      At all times relevant hereto, Labor Code §§ 226, 226.3, 1174 and 1174.5 and IWC

4   Wage Orders required employers to keep records of and provide employees with itemized wage

5   statements showing total hours worked in each pay period.  As alleged herein, Defendant has

6   intentionally and improperly designated its salaried retail managers, including Plaintiff and the

7   Class, as "exempt" managers in order to avoid keeping records of and providing employees with

8   itemized wage statements showing total hours worked in violation of the Labor Code and IWC

9   Wage Orders.

10      6.      At all times relevant hereto, Labor Code §§ 226.7 and 512 and IWC Wage Orders

11  required employers to provide employees with a first meal period of not less than thirty (30)

12  minutes during which they are relieved of all duty before working more than five (5) hours, and a

13  second meal period of not less than thirty (30) minutes during which they are relieved of all duty

14  before working more than ten (10) hours per day, and required employers to provide rest periods

15  of ten (10) minutes during which employees are relieved of all duty for each four (4) hours of work.

16  As alleged herein, Defendant has intentionally and improperly designated its salaried retail

17  managers, including Plaintiff and the Class, as "exempt" managers in order to avoid providing meal

18  and rest periods in violation of the Labor Code and IWC Wage Orders.

19      7.      In this class action, Plaintiff seeks injunctive relief in the form of an order requiring

20  provisions for proper meal and rest periods.  Plaintiff also seeks damages and penalties for

21  violations of the Labor Code, and, to the extent allowable by law, payment of restitution and/or

22  disgorgement of all sums wrongfully obtained by Defendant's violation of the UCL.

23                          **II. JURISDICTION AND VENUE**

24      8.      This Court has subject matter jurisdiction over this action pursuant to Bus. & Prof.

25  Code § 17204 and Civ. Proc. Code § 410.10.  This Court has personal jurisdiction over the parties

26  because Plaintiff is a resident of the State of California and Defendant systematically and

27  continually does business in the State of California.

28

1    9.    Venue is proper in this Court because Civ. Proc. Code §§ 395 and 395.5, and case
2  law interpreting those sections, provides that if a foreign corporation fails to designate with the
3  office of the California Secretary of State a principal place of business in California, it is subject
4  to being sued in any county that a plaintiff desires. On information and belief, Defendant is a
5  foreign corporation that has failed to designate a principal place of business with the office of the
6  Secretary of State.

7                                    **III. THE PARTIES**

8    10.    Plaintiff Jackie Flores is a California resident. Flores worked as a salaried Store
9  Manager at Defendant's store located in the Southbay Galleria from approximately August 2002,
10  through April 2006. At all times since she was paid a fixed salary for all hours worked. Flores
11  consistently worked more than 40 hours per week. Flores received no additional compensation for
12  all of the hours she worked over eight (8) in a day and/or 40 in a week. Moreover, she was not
13  always able to take meal breaks and rest periods as required by California law.

14    11.    Defendant Zale Delaware, Inc. (hereafter, "Zales" or "Zales Jewelers") is a Delaware
15  corporation, and a subsidiary of Zale Corporation, doing business in California. Zales owns and/or
16  operates stores in California doing business as "Zales" or "Zales Jewelers."

17    12.    Plaintiff is unaware of the true names and capacities of the Defendants sued as
18  DOES 1 through 10, inclusive, and will seek leave to amend this Complaint to allege their true
19  names and capacities once they are ascertained. Upon information and belief, Plaintiff makes all
20  allegations contained in this Complaint against all of the Defendants, including Does 1 through 10,
21  inclusive.

22                              **IV. FACTUAL BACKGROUND**

23  **A.    Defendant's Failure to Pay Overtime**

24    13.    Although Defendant labels certain of its employees as "managers" in order to exempt
25  them from state labor laws, in reality, the managers spend the majority of their time performing the
26  same tasks as hourly employees, such as cashiering, providing customer service, selling, providing
27  floor coverage, stocking sales displays, and other non-managerial duties.  In fact, "managers"
28

1 | employed by Defendant in California spent over fifty percent (50%) of each shift performing tasks
2 | identical to those of non-salaried employees.

3 |     14.    Plaintiff typically worked more than 40 hours per week.

4 |     15.    Plaintiff spent in excess of 50% of her time working on non-managerial functions,
5 | such as cashiering, providing customer service, selling, providing floor coverage, stocking sales
6 | displays, and other non-managerial duties such as assisting customers, ringing up sales and
7 | organizing the merchandise.

8 |     16.    Plaintiff was not able to take rest and meal breaks due to low staffing at the store
9 | where she worked.

10 |     17.    Plaintiff had very little discretion in the operation of the store at which she worked.
11 | She had no input into decisions about what merchandise would be sold. She was not involved in
12 | decisions about advertising. She did not set sales goals for the stores. She could hire employees
13 | who were paid by the hour only as directed from above, and she could not set their rate of pay. She
14 | could not fire anybody without getting approval from above.

15 |     18.    Each week that Defendant misclassified its salaried retail managers as "exempt," it
16 | violated California laws by failing to compensate those managers for overtime compensation and,
17 | as a result, increased its profitability and kept its overhead to a minimum level, all of which
18 | occurred at the expense of the managers it employed.

19 | **B.    Under California Law, Plaintiff and the Members of the Class are Entitled to Receive Overtime Pay**
20 |
21 |     19.    Labor Code §§ 510 and 1198, Code of Regulations § 11070 and the corresponding
22 | IWC Wage Order No. 7-2001, provide that employees in California shall not be employed more
23 | than eight (8) hours in any workday nor more than 40 hours in any work week unless they receive
24 | additional compensation beyond their regular wages in amounts specified by law.
25 |     20.    Labor Code §§ 226.7 and 512 and IWC Wage Orders provide that employees in
26 | California must receive a first meal period of not less than 30 minutes before working more than
27 | five (5) hours, a second meal period of not less than 30 minutes before working more than ten (10)
28 | hours per day, and a rest period of ten (10) minutes for each four (4) hours of work; otherwise the

1 || employer must pay one (1) additional hour of pay at the employees' regular rate of compensation
2 || for each work day that a meal period is not provided and for each work day that a rest period is not
3 || provided.

4 || 21.    Defendant's conduct of requiring additional work from Plaintiff and Class members
5 || in the absence of overtime pay, knowingly and intentionally failing to provide accurate itemized
6 || wage statements and failing to provide adequate meal and rest periods violates the above-referenced
7 || provisions of California law and also constitutes unfair competition and unlawful, unfair and
8 || fraudulent acts and practices within the meaning of the UCL.

9 || 22.    Plaintiff is informed and believes and thereon alleges that Defendant, in violation
10 || of Labor Code §§ 201 *et seq.* and 500 *et seq.*, had a consistent and uniform policy, practice and
11 || custom of willfully failing to pay the earned and unpaid wages of all Class members. Plaintiff is
12 || informed and believes and thereon alleges that Defendant has willfully failed to pay the earned and
13 || unpaid wages of such individual Class members, including, but not limited to, overtime pay and
14 || compensation for missed meal and rest breaks. Plaintiff and other members of the Class did not
15 || secret or absent themselves from Defendant, nor refuse to accept the earned and unpaid wages from
16 || Defendant. Accordingly, Defendant is liable for waiting time penalties for the unpaid wages
17 || pursuant to Labor Code § 203 for members of the Class who have separated from employment with
18 || Defendant.

19 || ## V. CLASS ACTION ALLEGATIONS

20 || 23.    Plaintiff brings this action individually and as a class action on behalf of the Class
21 || defined as follows:

22 ||          All persons who, at any time from November 29, 2002 to the
         present, (1) worked as a salaried retail manager at a Zales store
23 ||          owned and/or operated by Defendant (or any of them) and located
         within the State of California; and (2) were classified as exempt
24 ||          from overtime pay.

25 ||          The Sub-Class is defined as:

26 ||          All persons who, at any time from November 29, 2003 to the
         present, (1) worked as a salaried retail manager at a Zales store
27 ||          owned and/or operated by Defendant (or any of them) and located
         within the State of California; (2) were classified as exempt from
28 ||

overtime pay; and (3) upon leaving employment, were not paid all wages earned and owed to them.

Plaintiff reserves the right to modify the definition of the Class or the Sub-Class after further discovery. This action is brought and may properly be maintained as a class action pursuant to Cal. Civ. Proc. Code § 382 and the UCL. This class action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

24. **Numerosity of the Class**. The Plaintiff Class is so numerous that individual joinder of all members is impractical under the circumstances of this case. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained after discovery directed to Defendant, Plaintiff believes and therefore alleges that the Class consists of over 50 individuals.

25. **Typicality of Claims**. Plaintiff's claims are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members she seeks to represent. Plaintiff and all Class members have sustained damages and face irreparable harm arising out of Defendant's common course of conduct as alleged herein. The damages sustained by each member of the Class were caused directly by Defendant's wrongful conduct, as alleged herein.

26. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff's claims are not antagonistic to those of the members of the Class. Plaintiff has retained attorneys who are experienced in the prosecution of class actions, including wage and hour class actions, and Plaintiff intends to prosecute this action vigorously.

27. **Community of Interest; Existence and Predominance of Common Questions of Law or Fact**. Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual Class members. These common legal and factual questions, which do not vary among Class members, and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to, the following:

1        (a)    Whether each salaried retail manager was classified as exempt in violation
2              of the Labor Code and IWC Wage Orders;

3        (b)    Whether Defendant failed to pay overtime wages for each salaried retail
4              manager by virtue of Defendant's improper designation of Plaintiff and
5              Class members as "exempt" in violation of the Labor Code and IWC Wage
6              Orders;

7        (c)    Whether Defendant failed to provide accurate itemized wage statements to
8              each and every salaried retail manager in violation of the Labor Code and
9              IWC Wage Order;

10       (d)    Whether Defendant failed to allow time for salaried retail managers to take
11             meal and rest periods in violation of Labor Code §§ 512 and 226.7 and IWC
12             Wage Orders;

13       (e)    Whether Defendant's conduct constitutes unfair, unlawful and/or fraudulent
14             business practices;

15       (f)    Whether Defendant's conduct constitutes unfair competition;

16       (g)    Whether Class members are entitled to compensatory damages for violations
17             under the Labor Code;

18       (h)    Whether Class members are entitled to injunctive relief prohibiting
19             Defendant from not providing salaried retail managers who do not meet the
20             statutory and regulatory guidelines for exemption, with adequate meal and
21             rest periods;

22       (i)    Whether Class members are entitled to injunctive relief prohibiting
23             Defendant from not providing salaried retail managers, who do not meet the
24             statutory and regulatory guidelines for exemption, with accurate itemized
25             wage statements showing the total hours each individual worked by each pay
26             period; and

27

28

1        (j)     Whether Class members who separated from employment are entitled to

2                  waiting time penalties.

3     28.    **Superiority.**  A class action is superior to other available methods for the fair and

4 efficient adjudication of this controversy, since individual litigation of the claims of each Class

5 member is impracticable. Even if every individual Class member could afford individual litigation,

6 the court system could not. It would be unduly burdensome to the court in which the individual

7 litigation of the numerous cases would proceed. Individualized litigation would also present the

8 potential for varying, inconsistent, or contradictory judgments and would magnify the delay and

9 expense to all parties and to the court system resulting from multiple trials of the same complex

10 factual issues. By contrast, the conduct of this action as a class action presents few management

11 difficulties, conserves the resources of the parties and of the court system, and protects the rights

12 of each Class member. Plaintiff anticipates no difficulty in the management of this action as a class

13 action.

14     29.    The prosecution of separate actions by individual Class members may create a risk

15 of adjudications with respect to them that would, as a practical matter, be dispositive of the interests

16 of the other Class members not parties to such adjudications or that would substantially impair or

17 impede the ability of such non-party Class members to protect their interests.

18     30.    The prosecution of individual actions by Class members would establish inconsistent

19 standards of conduct for Defendant.

20     31.    Defendant has acted or refused to act in respects generally applicable to the Class,

21 thereby making appropriate final and injunctive relief or corresponding declaratory relief with

22 regard to members of the Class as a whole, as requested herein. Likewise, Defendant's conduct as

23 described above is unlawful, continuing and capable of repetition and will continue unless

24 restrained and enjoined by the Court.

25

26

27

28

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Compensation)

32.     The preceding paragraphs of this Complaint are realleged and incorporated by reference.

33.     Pursuant to Labor Code §§ 218 and 1194(a), Plaintiff may bring a civil action for overtime wages directly against the employer in Plaintiff's name without first filing a claim with the Department of Labor Standards Enforcement.

34.     At all times herein relevant, the applicable Labor Code, California Code of Regulations and IWC Wage Orders referenced herein applied to Plaintiff's and Class members' employment with Defendant.

35.     Pursuant to Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission, or under conditions prohibited by the applicable IWC Wage Orders.

36.     At all times herein relevant, § 510 of the Labor Code and the applicable regulations provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over eight (8) hours per day, or 40 hours in a work week, and for payment of overtime wage equal to double the employee's regular rate of pay for all hours worked in excess of 12 hours in any work day and for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one work week.

37.     Defendant has intentionally and improperly designated salaried retail managers, including Plaintiff and members of the Class, as "exempt" managers of its stores in order to avoid payment of overtime wages and other benefits in violation of the Labor Code and the IWC Wage Orders.

38.     Employees who are designated as salaried retail managers by Defendant for its retail stores are not "exempt" employees under IWC Wage Orders, because:

        (a)     Less than fifty percent (50%) of their work hours are spent on intellectual, managerial, or creative duties;

(b)     More than fifty percent (50%) of their labor hours are spent performing non-exempt duties including, but not limited to, cashiering, providing customer service, selling, providing floor coverage, stocking sales displays, unpacking boxes, and generally performing the work of hourly customer service clerks. Defendant's non-exempt employees perform each of these duties on a daily basis.

(c)     Defendant's salaried retail managers do not have discretion or independent judgment within their positions because they must follow comprehensive company-wide policies that govern the chain's operations; and

(d)     Defendant's salaried retail managers have limited authority to hire and fire employees and cannot contract on behalf of the corporation. They are strictly prohibited from setting any policy or procedure which may bind or affect Defendant in any way.

39.     During her employment with Defendant, Plaintiff and members of the Class were required to work in excess of 40 hours a week without payment of overtime wages and other benefits.

40.     Under the provisions of Labor Code § 510 and the IWC Wage Orders, Plaintiff and each Class member should have received overtime wages in a sum according to proof.

41.     Defendant owes Plaintiff and each Class member overtime wages pursuant to Labor Code §510 and the IWC Wage Orders according to proof at trial of the hours worked during the three (3) years prior to the filing of this Complaint, up to and including the present.

42.     Defendant failed and refused, and continues to fail and refuse, to pay Plaintiff and members of the Class the amounts that are owed. Defendant's failure to pay Plaintiff and Class members overtime wages, as required by IWC Wage Orders, violates Labor Code §§ 201, 202, and 203. Plaintiff seeks compensation for unpaid overtime wages for the three (3) years prior to the filing of this Complaint, up to and including the present.

1    43.    Plaintiff is informed and believes and thereon alleges that Defendant knew or should
2  have known that the Class members did not qualify as exempt employees and purposely elected not
3  to pay them for their overtime labor.

4    44.    Plaintiff, individually and on behalf of others similarly situated, requests payment
5  of overtime compensation, according to proof, attorneys' fees and costs pursuant to Labor Code §§
6  203 and 1194(a), and any other statutory penalties against Defendant (including Does 1 to 50), in
7  a sum as provided by the Labor Code and/or other statutes.

8    45.    Plaintiff and Class members also request relief as described below.

9                    **SECOND CAUSE OF ACTION**

10           **(Failure to Provide Accurate Itemized Wage Statements)**

11    46.    The preceding paragraphs of this Complaint are realleged and incorporated by
12  reference.

13    47.    At all times herein relevant, Labor Code § 226 and the IWC Wage Orders required
14  that employers provide employees with itemized wage statements showing total hours worked.
15  Labor Code § 226(e) provided that if an employer knowingly and intentionally fails to provide a
16  statement itemizing the total hours worked by the employee, then the employee is entitled to recover
17  the greater of all actual damages or $50 for the initial violation and $100 for each subsequent
18  violation, up to $4,000, plus costs and reasonable attorney's fees.

19    48.    Defendant knowingly and intentionally failed to furnish each Plaintiff and Class
20  members with timely, itemized statements showing the total hours worked by each of them, as
21  required by Labor Code § 226(a). As a result, Defendant is liable to Plaintiff and the Class for the
22  amounts provided by Labor Code § 226(e) for the three (3) years prior to the filing of this
23  Complaint, up to and including the present.

24    49.    Plaintiff and the Class request relief as described below.

25

26

27

28

1    **THIRD CAUSE OF ACTION**

2    **(Failure To Provide Adequate Meal Periods)**

3    50.    The preceding paragraphs of this Complaint are realleged and incorporated by

4    reference.

5    51.    At all time herein relevant, Labor Code §§ 226.7 and 512 and the IWC Wage Orders

6    provided that employees must receive a first meal period of not less than thirty (30) minutes before

7    working more than five (5) hours, and a second meal period of not less than thirty (30) minutes

8    before working more than ten (10) hours per day.

9    52.    Because Defendant failed to provide the required meal breaks, it is liable to Plaintiff

10   and Class members for one (1) hour of additional pay at the regular rate of compensation for each

11   workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and IWC

12   Wage Orders, for the applicable liability period prior to the filing of this Complaint, up to and

13   including the present.

14   53.    Plaintiff and the Class request relief as described below.

15   **FOURTH CAUSE OF ACTION**

16   **(Failure To Provide Adequate Rest Periods)**

17   54.    The preceding paragraphs of this Complaint are realleged and incorporated by

18   reference.

19   55.    At all times herein relevant, Labor Code § 226.7 and IWC Wage Orders provided

20   that employees must receive rest periods of ten (10) minutes for each four (4) hours of work.

21   56.    Because Defendant failed to provide the required rest breaks, it is liable to Plaintiff

22   and Class members for one (1) hour of additional pay at the regular rate of compensation for each

23   workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and IWC

24   Wage Orders, for the applicable liability period prior to the filing of this Complaint, up to and

25   including the present.

26   57.    Plaintiff and the Class request relief as described below.

27

28

# FIFTH CAUSE OF ACTON

## (Violation Of The UCL)

58.     The preceding paragraphs of this Complaint are realleged and incorporated by reference.

59.     Defendant's acts constitute a continuing and ongoing unlawful activity prohibited by the UCL and justify the issuance of an injunction, restitution and other equitable relief pursuant to Bus. & Prof. Code § 17203.

60.     Labor Code § 90.5(a) articulates the public policy of this State to vigorously enforce minimum labor standards, including the requirements to pay overtime and benefits pursuant to Labor Code §§ 501, 515, 550-53, 1194 and 1198, to provide accurate itemized wage statements and keep payroll records pursuant to Labor Code §§ 226, 226.3, 1174 and 1174.5, and to provide adequate meal and rest periods pursuant to Labor Code §§ 226.7 and 512. Defendant's conduct of requiring certain employees to work an excessive amount of hours without providing overtime compensation, without providing accurate itemized wage statements and without providing adequate meal and rest periods directly violates state law, constitutes and was intended to constitute unfair competition and unlawful and unfair acts and practices within the meaning of the UCL.

61.     Through the wrongful and illegal conduct alleged herein, Defendant has acted contrary to the public policy of this State.

62.     Defendant engaged in unlawful business acts and practices by violating California law including, but not limited to, Labor Code §§ 201-203, 226, 226.3, 226.7, 510, 512, 515, 550-53, 1174, 1174.5, 1194, and 1198, and the applicable Industrial Welfare Commission Orders.

63.     Under the provisions of the UCL and Labor Code §§ 510, 515, 550-53, 1194 and 1198 and IWC Wage Orders, Plaintiff and each Class member should receive restitution and/or disgorgement for Defendant's failure to pay overtime wages, failure to provide accurate itemized wage statements and failure to provide adequate meal and rest breaks, in a sum according to proof for the four (4) years preceding the filing of this Complaint, up to and including the present, up to and including the present.

1    64.   Under the provisions of the UCL, Plaintiff and each Class member should receive
2  restitution and/or disgorgement for Defendant's failure to pay overtime wages and failure to provide
3  adequate meal and rest periods in violation of the Labor Code and IWC Wage Orders, in a sum
4  according to proof for the four (4) years preceding the filing of this Complaint, up to and including
5  the present.

6    65.   Plaintiff is informed and believes and thereon alleges that Defendant knew or should
7  have known that members of the Class did not qualify as exempt employees and purposely elected
8  not to pay them for their overtime labor.

9    66.   As a result of Defendant's violations of the UCL, they have unjustly enriched
10  themselves at the expense of Plaintiff, members of the Class and the general public.

11    67.   To prevent this unjust enrichment, Defendant should be required to disgorge its
12  illegal gains and should be required to make restitution to all Plaintiff and members of the Class,
13  as identified in this Complaint for the four (4) years preceding the filing of this Complaint, up to
14  and including the present.

15    68.   Plaintiff and the members of the Class also request this Court enter such orders or
16  judgment as may be necessary to restore to any person in interest any money which may have been
17  acquired by means of such unfair practices, as provided in the UCL, Bus. & Prof. Code § 17203,
18  and for such other relief as set forth herein.

19    69.   Plaintiff is a "person" within the meaning of Bus. & Prof. Code § 17204 and has
20  standing to bring this claim for injunctive and equitable relief.

21    70.   Injunctive relief is necessary to prevent Defendant from continuing to engage in
22  unfair business practices, as alleged herein. Defendant and persons acting in concert with it, has
23  done, or are now doing, and will continue to do or cause to be done, the herein described illegal acts
24  unless restrained or enjoined by this Court.

25    71.   The conduct of Defendant, as alleged herein, has been and continues to be
26  deleterious to Plaintiff, the members of the Class and the general public. By this action, Plaintiff
27
28

1   seeks to enforce important rights affecting the public interest within the meaning of Civ. Proc. Code

2   § 1021.5.

3       72.     Pursuant to Bus. & Prof. Code § 17203, Plaintiff, on behalf of herself and all current

4   and former salaried retail managers, requests injunctive relief, restitution and/or disgorgement of

5   all sums obtained by Defendant in violation of Bus. & Prof. Code § 17200 *et seq.* for the four (4)

6   years preceding the filing of this Complaint, up to and including the present.

7                          **SIXTH CAUSE OF ACTON**

8                       **(Failure to Pay Wages Upon Termination)**

9       73.     The preceding paragraphs of this Complaint are realleged and incorporated by

10  reference.

11      74.     Pursuant to Labor Code § 203 *et seq.*, upon Plaintiff's and terminated members of

12  the Class' termination dates, Defendant was required to pay them all earned wages. At the time of

13  Plaintiff's and terminated members of the Class' termination dates, they had unpaid wages in the

14  form of unpaid overtime compensation. In violation of Labor Code § 203 *et seq.*, Defendant failed

15  to pay Plaintiff and terminated members of the Class any of the amounts of wages due and owing

16  to them in amounts to be proven at trial.

17      75.     Plaintiff is informed and believes and based thereon alleges Defendant's failure to

18  pay Plaintiff and terminated members of the Class the wages due and owing them was willful and

19  done with the wrongful and deliberate intention of injuring Plaintiff and terminated members of the

20  Class, from improper motives amounting to malice, and in conscious disregard of Plaintiff's and

21  terminated members of the Class' rights.

22      76.     Defendant's willful failure to pay Plaintiff and terminated members of the Class

23  wages due and owing them constitutes a violation of Labor Code § 203. Therefore, Plaintiff and

24  terminated members of the Class are entitled to a penalty equal to the daily wages of Plaintiff and

25  the Class members for each day, not exceeding thirty (30) days, that the wages were unpaid.

26      77.     Plaintiff and terminated members of the Class are entitled to an award of reasonable

27  attorneys' fees, expenses and costs incurred in this action.

28

1                                    **PRAYER FOR RELIEF**

2         **WHEREFORE,** Plaintiff prays judgment against Defendant, as follows:

3         **AS TO THE FIRST CAUSE OF ACTION:**

4         78.      For compensatory damages in an amount according to proof at time of trial

5    representing the amount of unpaid overtime compensation owed to Plaintiff and members of the

6    Class for the three (3) years preceding the filing of this Complaint, up to and including the present;

7         79.      For interest calculated according to law on any overtime compensation due from the

8    day such amounts were due for the three (3) years preceding the filing of this Complaint, up to and

9    including the present;

10        80.      For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Labor

11   Code § 1194(a) and Civ. Proc. Code § 1021.5; and

12        81.      For statutory interest.

13        **AS TO THE SECOND CAUSE OF ACTION:**

14        82.      For compensatory damages in an amount according to proof at time of trial to

15   Plaintiff and members of the Class for failure to provide accurate, itemized wage statements during

16   the three (3) years preceding the filing of this Complaint, up to and including the present;

17        83.      For the amounts provided by Labor Code § 226(e) for the three (3) years preceding

18   the filing of this Complaint, up to and including the present;

19        84.      For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Civ.

20   Proc. Code § 1021.5; and

21        85.      For statutory interest and penalties.

22        **AS TO THE THIRD CAUSE OF ACTION:**

23        86.      For compensatory damages in an amount according to proof at time of trial

24   representing the amount of unpaid compensation owed to Plaintiff and members of the Class for

25   inadequate meal periods during the applicable limitations period preceding the filing of this

26   Complaint, up to and including the present;

27

28

1      87.    For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Civ.

2 Proc. Code § 1021.5;

3      88.    For unpaid meal breaks pursuant to Labor Code §§ 226.7 and 512 and the IWC

4 Wage Orders for inadequate meal periods during the applicable limitations period preceding the

5 filing of this Complaint, up to and including the present; and

6      89.    For statutory interest.

7      **AS TO THE FOURTH CAUSE OF ACTION:**

8      90.    For compensatory damages in an amount according to proof at time of trial

9 representing the amount of unpaid compensation owed to Plaintiff and members of the Class for

10 inadequate rest periods during the applicable limitations period preceding the filing of this

11 Complaint, up to and including the present;

12     91.    For interest calculated according to law on any compensation due from the day such

13 amounts were due for inadequate rest periods the applicable limitations period preceding the filing

14 of this Complaint, up to and including the present;

15     92.    For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Civ.

16 Proc. Code § 1021.5;

17     93.    For unpaid rest breaks pursuant to Labor Code § 226.7 and the IWC Wage Orders

18 for inadequate rest periods during the applicable limitations period preceding the filing of this

19 Complaint, up to and including the present; and

20     94.    For statutory interest.

21     **AS TO THE FIFTH CAUSE OF ACTION:**

22     95.    For an order requiring Defendant to show cause, if any, why they should not be

23 enjoined as set forth herein above, during and after the pendency of this action;

24     96.    For an order that Defendant pay restitution and/or disgorgement of sums to Plaintiff

25 and to each Class member for Defendant's past failure to pay overtime wages in violation of the

26 UCL, in an amount according to proof, for the four (4) years preceding the filing of this Complaint,

27 up to and including the present;

28

1    97.   For an order that Defendant pay restitution and/or disgorgement of sums to Plaintiff

2    and to each manager for Defendant's past failure to provide adequate meal and rest periods in

3    violation of the UCL, in an amount according to proof, for the four (4) years preceding the filing

4    of this Complaint, up to and including the present; and

5    98.   For attorneys' fees pursuant to Cal. Civ. Proc. Code § 1021.5.

6    **AS TO THE SIXTH CAUSE OF ACTION:**

7    99.   For consequential damages according to proof as set forth in Labor Code § 201, *et*

8    *seq.* (and all applicable California IWC wage orders relating to overtime wages due and owing);

9    100.   For reasonable attorneys' fees, expenses and costs;

10   101.   For waiting time penalties pursuant to Labor Code § 203; and

11   102.   For interest accrued to date.

12   **AS TO ALL CAUSES OF ACTION:**

13   Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against

14   Defendant as follows:

15   103.   For an order certifying the Class and any appropriate subclasses thereof, and

16   appointing Plaintiff and her counsel to represent the Class;

17   104.   For compensatory damages according to proof;

18   105.   For special damages according to proof;

19   106.   For injunctive relief requested herein;

20   107.   For an award of restitution and/or disgorgement according to proof;

21   108.   For the costs of bringing the suit;

22   109.   For reasonable attorneys' fees; and

23   110.   For such other and further relief this Court may deem just and proper.

24   //

25   //

26

27

28

1          **JURY TRIAL DEMAND**

2     Plaintiff demands a trial by jury as to all issues so triable.

3
      Dated: November 29, 2006                    KELLER GROVER LLP
4

5

6                                          By: _____
                                                   JADE BUTMAN
7

8                                          Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---
**Class Action Complaint**
Case No.                                                    19

*5368486*

1  ERIC A. GROVER (136080)
   JADE BUTMAN (235920)
2  KELLER GROVER LLP
   425 Second Street, Suite 500
3  San Francisco, California 94107
   Phone: (415) 543-1305
4  Facsimile: (415) 543-7861

5  Attorneys for Plaintiff
   Jackie Flores
6

7

FILED
ALAMEDA COUNTY

JAN 0 3 2007

CLERK OF THE SUPERIOR COURT
By _Emil Challen_
                        Deputy

8

9                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **IN AND FOR THE COUNTY OF ALAMEDA**

11  JACKIE FLORES, on behalf of herself and all )   Case No. RG06300085
    others similarly situated,,                 )
12                                              )   <u>CLASS ACTION</u>           **BY FAX**
              Plaintiff,                        )
13                                              )
         v.                                     )   **PROOF OF SERVICE**
14                                              )
    ZALE DELAWARE, INC., and DOES 1 TO          )
    10, inclusive,                              )
15                                              )
              Defendants.                       )
16  _____ )

17

18

19

20

21

22

23

24

25

26

27

28

Proof of Service
Case No. RG06300085

10566249.tif - 1/3/2007 11:21:51 AM

01-03-'07 11:20   FROM-KELLER GROVER LLP ·   4155437861            T-119  P03/03  U-114

JADE BUTMAN (SBN 235920)                                      FOR COURT USE ONLY
KELLER GROVER LLP
425 Second Street, Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Attorney for: Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ALAMEDA

Plaintiff : JACKIE FLORES etc., et al.

Defendant : ZALE DELAWARE, INC., and DOES 10 TO 10 inclusive

Ref#: 205626   PROOF OF SERVICE OF SUMMONS     Case No.: RG06300085

1. At the time of service I was at least eighteen years of age and not a party
   to this action.

2. I served copies of the:
   SUMMONS; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; COMPLAINT
   FOR UNPAID WAGES, DISGORGEMENT, RESTITUTION AND OTHER RELIEF BASED ON
   VIOLATIONS OF: 1. CALIFORNIA LABOR CODE; AND 2. CALIFORNIA BUSINESS AND
   PROFESSIONS CODE §§ 17200 ET SEQ.; ALTERNATIVE DISPUTE RESOLUTION
   INFORMATION PACKAGE

3. a. Party served  : ZALE DELAWARE, INC.

   b. Person served : Rhonda McCarty, Authorized Agent

4. Address where the party was served:
                    The Prentice Hall
                    2730 Gateway Oaks Drive #100
                    Sacramento, CA 95833

5. I served the party by personal service. I personally delivered the documents
   listed in item 2 to the party or person authorized to receive service of
   process for the party (1) on: December 26, 2006 (2) at: 12:38 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of: ZALE DELAWARE, INC.
      under the following Code of Civil Procedure section:
      CCP 416.10 (corporation)

7. Person who served papers:
   DARIN FAIN                      d. Fee for service: $145.00
   SPECIALIZED LEGAL SERVICES, INC.  e. Registered California process server.
   1112 Bryant Street, Suite 200      (i) Employee or Independent Contractor
   San Francisco, CA 94103            (ii) Registration no.: 2006-45
   Telephone: (415) 357-0500          (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the State of California
   that the foregoing is true and correct.

Date: December 26, 2006             Signature _____

Judi Crum _ form POS-010 Rev. July 1, 2004

10556249.tif - 1/9/2007 11:21:51 AM