IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JACKIE FLORES,

               Plaintiff,

      v.

ZALE DELAWARE, INC.,

               Defendant.

NO. C07-0539 TEH

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

This case comes before the Court on Plaintiff Jackie Flores' motion for leave to amend the complaint. After carefully considering the parties' written submissions, the Court finds oral argument to be unnecessary and hereby cancels the motion hearing scheduled for December 10, 2007. The Court now GRANTS Flores' motion for the reasons set forth below.

**BACKGROUND**

On November 29, 2006, Plaintiff Jackie Flores ("Flores") filed a complaint against Defendant Zale Delaware, Inc. ("Zale") in Alameda County Superior Court. Flores alleges that Zale improperly classified her and all other California Zales Jewelers store managers as exempt from state overtime laws. On January 25, 2007, Zale removed the action to this Court. On September 24, 2007, Zale filed a motion to transfer venue with the Court that remains pending.

On October 9, 2007, Flores informed the Court in a joint case management conference statement that she had recently learned of *Yadegar, et al v. Zale Delaware, Inc.*, Case No. RG07340823, a pending action in Alameda County Superior Court, which also alleges that Zale improperly classified all California Zales Jewelers store managers as exempt from California's overtime laws. Flores now seeks leave to file an amended complaint joining

Arbella Yadegar and Van Norma Winterholler ("Yadegar Plaintiffs") as named plaintiffs and adding their attorney, Randall Crane, as co-counsel.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." The Ninth Circuit has interpreted Rule 15(a) broadly, holding that leave to amend should be granted with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts must also recognize "the strong policy permitting amendment." *See Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987). In ruling on a motion for leave to amend, courts often consider factors such as bad faith, undue delay, prejudice to the opposing party, and the futility of the amendment. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The most important factor to consider is the prejudice to the non-moving party that would result from the amendment. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981).

**DISCUSSION**

Flores argues that the Court should grant her motion for leave to amend the complaint because of the extremely liberal standard in the Ninth Circuit. *See Morongo*, 829 F.2d at 886. Zale contends that Flores seeks to join new parties to the instant action for the sole purpose of prejudicing Zale's pending motion to transfer venue and, therefore, the motion should be denied.

**1. Bad Faith**

Zale argues that Flores' motion for leave to amend is in bad faith because she is forum shopping and the purpose of Flores' motion is to prejudice Zale's pending motion to transfer. Flores, however, has stated that she seeks to amend the complaint irrespective of the outcome of the motion to transfer venue, and joining the Yadegar Plaintiffs and adding co-counsel will bolster Flores' ability to effectively litigate her claims. In addition, Flores informed the Court of the Yadegar Plaintiffs' state court action upon learning of its existence, which

further supports the Court's conclusion that Flores' motion for leave to amend is not in bad faith.

### 2. Undue Delay

Zale also argues that Flores filed the instant motion with undue delay. When evaluating the issue of delay, the Court should determine "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388. The Court finds that Flores responded in a timely fashion upon learning that a similar action had been filed in Alameda County Superior Court. Flores states that she was unaware of the Yadegar Plaintiffs' case until early October 2007. On October 9, 2007, Flores notified the Court of the Yadegar Plaintiffs' lawsuit in a joint case management conference statement. For approximately one month, Flores unsuccessfully attempted to stipulate with Zale regarding the proposed amended complaint. Following Zale's refusal to stipulate, Flores filed the present motion before the Court on November 2, 2007. Therefore, Flores did not act with undue delay.

### 3. Prejudice to the Opposing Party

Zale next contends that granting Flores leave to amend would prejudice Zale's pending motion to transfer venue. The claims of Flores and the Yadegar Plaintiffs, however, rely on identical legal allegations, and both cases are in the early stages of litigation. Although allowing Flores the opportunity to join local plaintiffs may adversely impact Zale's motion to transfer venue, such potential adverse impacts do not constitute prejudice sufficient to weigh in favor of denying leave to amend.[1] *Compare Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (finding prejudice where plaintiff did not seek leave to amend until discovery had been completed and also waited a full year to seek amendment after discovery of new facts); *Jackson*, 902 F.2d at 1387 (finding prejudice where an amended complaint would advance different legal theories, require proof of different facts, and compel additional discovery).

---

[1] Moreover, this Court has not yet determined whether the addition of the Yadegar Plaintiffs will have any material impact on Zale's motion to transfer.

3

### 4. Futility of the Amendment

Finally, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Zale does not contend that either Flores or the Yadegar Plaintiffs raise invalid claims in their complaints. Consequently, this factor is inapplicable to the instant motion.

### CONCLUSION

In sum, Zale has failed to demonstrate bad faith, undue delay, prejudice, or futility. Given the strong policy in favor of granting amendments, the Court concludes that leave to amend is warranted under Federal Rule of Civil Procedure 15(a). Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend the complaint is GRANTED.
2. Plaintiff shall file her amended complaint no later than **December 10, 2007.**
3. The hearing scheduled for December 10, 2007, at 10:00 AM is VACATED. Instead, the parties shall appear for a case management conference on **December 10, 2007, at 1:30 PM.** The parties shall meet and confer and file a joint case management statement on or before **December 10, 2007, at 9:00 AM.**

**IT IS SO ORDERED.**

Dated: 12/06/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

4