United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JACKIE FLORES, et al.,

    Plaintiffs,

v.

ZALE DELAWARE, INC.,

    Defendant.

NO. C07-0539 TEH

ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

This matter came before the Court on September 24, 2007, on a motion to transfer venue filed by Defendant Zale Delaware, Inc. After carefully considering the parties' written submissions and oral arguments, as well as the amended complaint filed by Plaintiffs on December 7, 2007, the Court now DENIES the motion for the reasons set forth below.

**BACKGROUND**

Defendant Zale Delaware, Inc. ("Zale") is a Delaware corporation that is a subsidiary of Zale Corporation. Zale maintains its headquarters in Irving, Texas. The company owns or operates 65 Zales Jewelers stores throughout California, but it has not designated a principal place of business in California. Of Zale's 65 California retail stores, 31 are located in the Central District of California as compared to 16 in the Northern District.

Plaintiff Jackie Flores is a Los Angeles resident. Zale employed Flores as a salaried manager at its Southbay Galleria retail store in Redondo Beach, which is located in the Central District, from approximately August 2002 through April 2006.

Plaintiff Arbella Yadegar is a San Jose resident. Zale employed Yadegar as a salaried manager at its San Jose retail store, which is located in the Northern District, from

approximately February 2004 through November 2006. Zale subsequently employed Yadegar as a salaried assistant manager at its Newark, California retail store, which is also in the Northern District. Yadegar's employment with Zale, however, terminated prior to her performing any duties at the Newark store.

Plaintiff Van Norma Winterholler is a Hayward, California resident. Zale employed Winterholler as a salaried manager at its Newark, California store from approximately June 2005 through July 2006.

The parties' dispute arises out of the allegations of Flores, Yadegar, and Winterholler (collectively, "Plaintiffs") that Zale improperly classified them and all other California Zales Jewelers store managers as exempt from state overtime laws.

On November 29, 2006, Flores filed her complaint against Zale in Alameda County Superior Court. On January 25, 2007, Zale removed the action to this Court. On June 28, 2007, Zale filed a motion to transfer venue to the Central District of California.

This Court heard oral arguments on the motion to transfer on September 24, 2007. The Court was prepared to issue an order on the motion to transfer when it received a joint case management statement on October 9, 2007. In that statement, Flores informed the Court that she had recently learned of *Yadegar, et al. v. Zale Delaware, Inc.*, Case No. RG07340823, a pending action in Alameda County Superior Court, which also alleged that Zale improperly classified all California Zales Jewelers store managers as exempt from California's overtime laws.

Flores subsequently sought leave to file an amended complaint joining Yadegar and Winterholler as named plaintiffs and adding their attorney, Randall Crane, as co-counsel. On December 6, 2007, the Court granted Flores' motion for leave to amend. Subsequently, Yadegar and Winterholler stipulated with Zale to dismiss their state action without prejudice and join the instant case. Plaintiffs filed their first amended complaint with this Court on December 7, 2007.

The Court now considers Zale's motion to transfer venue in light of the amended complaint and the addition of Yadegar and Winterholloer as named plaintiffs to this action.

2

**LEGAL STANDARD**

By statute, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To successfully move for transfer under this section, the moving party must establish that the action could originally have been brought in the district to which transfer is sought. *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979). The moving party also bears the burden of "establishing that an action should be transferred." *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*, 726 F.2d 1381 (9th Cir. 1984).

In ruling on a motion to transfer, a district court must consider each of the factors enumerated in § 1404(a) – i.e., convenience of the parties, convenience of the witnesses, and the interests of justice. 28 U.S.C. § 1404(a). Other relevant factors include: the plaintiff's choice of forum; the local interest in the issue; the relative ease of access to evidence; the availability of compulsory process for unwilling witnesses and the cost involved in securing willing witnesses; and the practical issues that make a case easier or more difficult to try in a given forum, such as familiarity of each forum with applicable law and the relative court congestion in each forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Royal Queentex Enterprises, Inc. v. Sara Lee Corp.*, No. C-99-4787 MJJ, 2000 U.S. Dist. LEXIS 10139, at *7-8 (N.D. Cal. Mar. 1, 2000).

**DISCUSSION**

Flores[1] and Zale do not dispute that this case could have been brought either here or in the Central District. Thus, Zale's motion to transfer turns on whether the Court finds it appropriate to transfer the case to the Central District "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

---

[1] Yadegar and Winterholler joined this action after briefing and oral argument on the motion to transfer had already occurred. The Court determined that additional briefing following the filing of Plaintiffs' amended complaint was unnecessary.

3

**1. Plaintiff's Choice of Forum**

With certain exceptions, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 843. However, the plaintiff's choice of forum is afforded less weight if the case is pleaded as a class action lawsuit and if the plaintiff is a non-resident of the chosen forum. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). In addition, a plaintiff's choice of forum "commands only minimal consideration where . . . the operative facts have not occurred within the forum, and the forum has no particular interest in the parties or the subject matter." *Id.* Furthermore, a "plaintiff's choice of forum will be accorded little deference" if there are indications of forum shopping. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

Flores' choice of forum is entitled to less deference because she filed this case as a class action. However, two of the three named plaintiffs are residents of the chosen forum. Although Flores resides in Los Angeles, which is located in the Central District, Yadegar and Winterholler are San Jose and Hayward residents, respectively, and are therefore residents of the Northern District. In addition, the operative facts underlying the claims of Yadegar and Winterholler occurred in the Northern District. Although Flores' individual claims lack any meaningful connection to this forum because they occurred in the Central District, the Court does have a particular interest in the allegations because Zale's classification policies affected salaried managers, including Yadegar and Winterholler, in the 16 Zales Jewelers stores located in the Northern District.

Zale argued in its opposition to Flores' motion to amend that her efforts to join local plaintiffs is evidence of forum shopping, and the Court has also expressed concerns regarding the manner in which Flores sought leave to amend after the Court was prepared to issue an order on the pending motion to transfer venue. However, while Flores' actions may be disfavored, the Court does not find that Plaintiffs have engaged in improper forum shopping under the circumstances of this case. Thus, the Court finds that Flores' choice of forum is entitled to deference.

4

### 2. Convenience of the Parties

Regarding the convenience of the parties, the Court finds that this factor weighs against transfer. Yadegar and Winterholler reside in the Northern District. Although Flores is a Los Angeles resident, she agreed to accept any arguable inconvenience that might arise from her choice of forum. Conversely, Zale's corporate offices are located in Texas and the Central District would not be any more or less convenient than the Northern District for Zale. Flores' counsel is located in San Francisco and Zale's attorneys are in Los Angeles, but the "convenience of counsel is not a consideration" in determining whether to transfer an action. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (N.D. Cal. 1994). Thus, the Court finds that this factor weighs against transfer.

### 3. Convenience of the Witnesses and Access to Evidence

"To demonstrate an inconvenience to witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance." *SEC v. Rose Fund, LLC*, No. C 03-04593 WHA, 2004 U.S. Dist. LEXIS 22491, at *9 (N.D. Cal. Jan. 9, 2004); *see also Royal Queentex*, 2000 U.S. Dist. LEXIS 10139, at *18. Zale contends that the operative facts underlying Flores' individual claims occurred in the Central District and a substantial portion of the witnesses and evidence are located there. For example, Flores' supervisor and the other Zale employees who possess information regarding her job duties reside in the Central District. The individual claims of Yadegar and Winterholler, however, occurred in the Northern District and a substantial portion of the witnesses and evidence are located in this forum. Flores also asserts that key witnesses and documents concerning Zale's classification polices are in Texas at Zale's corporate headquarters, and out-of-state witnesses and evidence have no bearing on whether the Northern District would be a more convenient forum than the Central District.

Flores further argues that the Central District is no more convenient than the Northern District because Zale's store managers from throughout California will testify to establish uniform operational policies for all Zales Jewelers stores in the state. Flores also intends to rely on these witnesses' testimony to support commonality and superiority at class

5

certification. The Court, however, is not persuaded by Flores' argument because 31 of the 65 Zales Jewelers stores in California are located in the Central District as compared to only 16 in the Northern District. Consequently, if a class is certified, a significantly larger portion of the witnesses and evidence for the class claims will be located in the Central District. Given that nearly twice as many Zales Jewelers stores are located in the Central District than in the Northern District, this factor weighs in favor of venue transfer, notwithstanding the presence of two named plaintiffs in this district.

### 4. Local Interest in the Issue

The Court must also consider the "local interest in having localized controversies decided at home." *Decker Coal Co.*, 805 F.2d at 843 (internal citations omitted). Zale contends that the Northern District has a substantially lower interest in the instant action than the Central District because 31 of the 65 California Zales Jewelers stores are located in the Central District. The Northern District, however, has a considerable local interest in the class action because 16 Zales Jewelers stores are located in this forum. Furthermore, the operative facts underlying the claims of Yadegar and Winterholler occurred in the Northern District. The Court therefore finds that the local interest factor weighs against transfer.

### 5. Other Factors

The Court finds other factors that courts have considered in deciding a motion to transfer to be neutral. Judicial economy does not favor either party because there is no potential for consolidating this case with another pending action in either forum. This case is based on California law and both this Court and the Central District would be equally familiar with the applicable law. Finally, there is no evidence that court congestion or average time to trial differs significantly between the Northern District and the Central District. Thus, the interests of justice do not weigh in favor of either party.

**CONCLUSION**

On balance, the Court concludes that Zale has not satisfied its burden to demonstrate that transfer to the Central District is warranted under the factors enumerated in § 1404(a).

Although the convenience of the witnesses and relative ease of access to evidence weigh in favor of transfer, the convenience of the parties and the local interest weigh against transfer. In addition, Plaintiffs' choice of forum is entitled to deference.  Accordingly, with good cause appearing,  IT IS HEREBY ORDERED that Zale's motion to transfer venue is DENIED.

**IT IS SO ORDERED.**

Dated:   12/17/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT