**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE FLORES, ARBELLA YADEGAR and VAN NORMA WINTERHOLLER, on behalf of themselves and all others similarly situated, | No. C 07-00539 TEH (MEJ) |
| Plaintiff, | **ORDER IN RESPONSE TO PARTIES' MAY 09, 2008 LETTER BRIEF REQUESTING PRODUCTION OF PLAINTIFF FLORES' EMPLOYMENT PERSONNEL FILES FROM FOUR SUBSEQUENT EMPLOYERS** |
| vs. | |
| ZALE DELAWARE, INC., and DOES 1 TO 10, inclusive, | |
| Defendants. / | |

Before the Court is the parties' letter brief, filed on May 09, 2008, relating to the request for discovery relief by Defendant  Zale Delaware, Inc., ("Zales").  Zales seeks an order compelling production of Plaintiff Jackie Flores' employment personnel files from four subsequent employers: Bank of America, Century 21 Powerhouse Realty, Four Points by Sheraton and Starwood Hotels & Resorts, and Wells Fargo & Co.(the "Subsequent Employers"). On March 20, 2008, Counsel for Plaintiffs contacted Defendant to raise numerous objections to the scope of the subpoenas.

Plaintiff Flores has objected to the scope of the subpoenas. Plaintiff contends that the information sought is protected under her constitutional right to privacy and furthermore is not directly relevant to nor illustrative of which duties she performed while employed by Zales Jewelers. Additionally, Plaintiff argues that such information is not relevant to address her adequacy as a class representative.

1      Zales concedes that the information requested may contain private information however

2 Zales argues that its relevancy to critical issues in this case should outweigh any such privacy

3 interests and should be produced. Zales argues that evaluations contained within the performance

4 reviews may have been based upon or scaled against Plaintiff's representations to the subsequent

5 employers about the nature of her job duties while employed by Zales. Zales then argues that it may

6 be able to extrapolate or derive evidence in support of the depth and quality of the skills that

7 Plaintiff acquired by virtue of her employment with Defendant. Continuing this argument, Zales

8 contends that the information within Plaintiff's assessments and/or performance evaluations also has

9 the potential to diminish the Plaintiff's credibility as a witness by showing that over 50% of her time

10 was engaged in managerial duties and therefore inconsistent with her testimony.  In the alternative,

11 Defendant asks the Court to review such documents *in camera* to determine whether such

12 production is appropriate.

13      Federal Rule of Civil Procedure ("FRCP") 26 states, "[p]arties may obtain discovery

14 regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R.

15 Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears

16 reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  However, courts have

17 limited discovery of personnel files citing to public policy favoring the employee's privacy and

18 allowing for frank evaluations by employers, however courts have tempered this limitation by

19 allowing discovery in the face of a compelling need and clear relevance (*Matter of Hawaii Corp.* 88

20 FRD 518, 524 (D HI 1980). Despite such strong public policy against disclosure, discovery may be

21 had if (1) the material sought is clearly relevant, and (2) the need for discovery is compelling

22 because the information sought is not otherwise readily obtainable. New York Stock Exchange, Inc.

23 v. Sloan, 22 Fed.R.Serv.2d 500, 505 (S.D.N.Y.1976) (citing Cooper v. Hallgarten & Co., 34 F.R.D.

24 482, 483-484 (S.D.N.Y.1964)). The Defendant has not met either prong. Defendant's logic does not

25 evince that such material is clearly relevant, the Court finds the relationship is tenuous at best. Nor

26 can the Court find a direct correlation or conversion between the quantity of time Plaintiff spent

27 performing a duty at one job and the quality of performance that may have been recorded at a

28

United States District Court
For the Northern District of California

<div style="float:left; writing-mode:vertical">**United States District Court**<br>For the Northern District of California</div>

1   subsequent job. The Court finds that the information the Defendant seeks, such as Plaintiff's

2   representations regarding the nature and allocation of time spent in her job duties, could be had from

3   primary-authored sources-- from the Plaintiff's own assertions, such as, but not limited to, her

4   resume, application, or oral representations or descriptions of her duties while at Zales rather than

5   extrapolating information from secondary sources or converting tertiary sources. Furthermore, the

6   Supreme Court has expressly ruled that a trial court cannot be required to search through a

7   confidential personnel file without first establishing a basis for a defendant's claim that the file

8   contained material evidence. *Pennsylvania v. Ritchie,* 480 U.S. 39, 58, 107 S.Ct. 989, 94 L.Ed.2d 40

9   (1987). Here they have not done so.

10          The Court orders that the subpoenas shall be limited to any statement, written, claimed, or

11   otherwise authorized by Plaintiff, made to her subsequent employers regarding her employment

12   and/or duties while employed by the Defendant. These statements include, but are not limited to, the

13   Plaintiff's resume, application, or oral representations, responses, or descriptions of her duties while

14   at Zales. Therefore, within 7 days from the date of this Order, any such statement by Plaintiff Flores,

15   made to her subsequent employers regarding her employment and/or duties while employed by the

16   Defendant shall be produced for the Defendant.

17          **IT IS SO ORDERED.**

18

19   Dated: July 31, 2008



MA_____ JAMES

United States Magistrate Judge

20

21

22

23

24

25

26

27

28                                    3