United States District Court

For the Northern District of California

1

2          IN THE UNITED STATES DISTRICT COURT

3          FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5

6   JACKIE FLORES, et al.,

7                          Plaintiffs,                    NO. C07-0539 TEH

8                  v.                             ORDER DENYING PLAINTIFFS'
                                                 MOTION TO ENFORCE CLASS
9   ZALE DELAWARE, INC.,                         SETTLEMENT

10                         Defendant.

11

12          This matter came before the Court on July 19, 2010, on Plaintiffs' motion to enforce

13   the class settlement agreement.  Plaintiffs seek a ruling from this Court either that the class

14   settlement agreement should be interpreted to include managers at Zales Outlet locations, or

15   that this case should be re-opened as to Zales Outlet managers.  After carefully considering

16   the parties' written and oral arguments, the Court now DENIES Plaintiffs' motion for the

17   reasons discussed below.

18

19   **BACKGROUND**

20          On June 22, 2009, the Court signed the parties' joint proposed order granting final

21   approval of the class settlement in this case.  Pursuant to the parties' settlement agreement,

22   the class was defined as:

23              all employees who worked for a least one Eligible Workweek as
                a Store Manager and/or exempt Assistant Store Manager at one
24              or more *Zales Jewelers* retail locations in California between
                November 29, 2002 and ending the later of January 31, 2009 or
25              the date the Court grants preliminary approval of the settlement
                provided by this Agreement [which the Court granted on
26              January 12, 2009].

27   Settlement Agreement ¶ 42 (Ex. A to Grover Decl.) (emphasis added).  The Court retained

28   "exclusive and continuing jurisdiction over the Lawsuit and the Parties, including all Class

Members, for purposes of enforcing and interpreting the Settlement, this Order and the claims process established therein." June 22, 2009 Order ¶ 18.

In September 2009, Rosela Maldonado, a manager at a Zales Outlet store in California, contacted Plaintiffs' counsel asking why she did not receive a class notice or settlement payment. Grover Decl. ¶ 8. Eric Grover, counsel for Plaintiffs, e-mailed Catherine Conway, counsel for Defendant, about this apparent omission on September 4, 2009. Ms. Conway returned the e-mail the same day, stating, "We will look into this and get back to you." Ex. F to Grover Decl.

It appears that Ms. Conway was unresponsive after that date, as Mr. Grover sent three further e-mails – dated September 17, September 25, and September 30 – asking for resolution of the issue. *Id.* Finally, on October 5, Ms. Conway explained to Mr. Grover via e-mail that Ms. Maldonado "was removed from the final class list because she was not in a covered position. She currently is an Outlet store manager. They rolled under the Zales (ZNA) umbrella this February." *Id.*

On October 9, Mr. Grover again e-mailed Ms. Conway, explaining that, according to Ms. Maldonado's 2006 and 2008 W-2 forms, she was employed by "Zale Delaware Inc." Ex. H to Grover Decl. Mr. Grover explained Plaintiffs' position that she therefore "worked at a 'retail' store. An outlet is still a retail store. The definition of 'retail' is the sale of goods directly to consumers. Although outlet stores may sell certain discounted or discontinued merchandise, outlet stores are still selling goods at the retail level." *Id.* Mr. Grover then asked for confirmation "that all outlet Store Managers were left off the class list," and, if so, whether Defendant "would like to discuss resolving the situation as it at least applies to Ms. Maldonado, if not more globally." *Id.*

Mr. Grover did not receive a response to his October 9 e-mail, but he did not follow up on the issue until six months later, when he sent a letter and e-mail to Ms. Conway on April 2, 2010. The letter asked for either an explanation as to why Zales Outlet store managers did not meet the class definition or an agreement that they did fall within the class definition. Ex. I to Grover Decl. Mr. Grover stated that Plaintiffs would proceed with filing

2

1    a motion before this Court unless Ms. Conway provided an explanation or agreement by

2    April 9, 2010. *Id.* Mr. Grover did not receive a response, and Plaintiffs subsequently filed

3    this motion to enforce the settlement on June 7, 2010 – two months after the deadline given

4    in Mr. Grover's letter.

5

6    **DISCUSSION**

7        As set forth above, the settlement class consists of managers at "Zales Jewelers retail

8    locations in California" who meet certain criteria. The parties now dispute whether this

9    definition includes managers at Zales Outlet stores.

10        Ordinary contract law applies when a court is tasked with construing or enforcing a

11    settlement agreement. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). The settlement

12    agreement provides that the agreement "shall be interpreted, construed, enforced, and

13    administered in accordance with the laws of the State of California, without regard to conflict

14    of law rules." Settlement Agreement ¶ 70. Under California law:

15            The interpretation of a contract involves a two-step process: First
16            the court provisionally receives (without actually admitting) all
                credible evidence concerning the parties' intentions to determine
17            ambiguity, i.e., whether the language is reasonably susceptible to
                the interpretation urged by a party. If in light of the extrinsic
18            evidence the court decides the language is reasonably susceptible
                to the interpretation urged, the extrinsic evidence is then admitted
19            to aid in the second step – interpreting the contract.

20    *Wolf v. Superior Court*, 114 Cal. App. 4th 1343, 1351 (2004) (citations and internal

21    quotations omitted).

22        At oral argument, Plaintiffs' counsel argued for the first time that there was no

23    "meeting of the minds" as to the meaning of "Zales Jewelers" in the settlement agreement.

24    Under California law, this lack of mutual consent would mean that there is no contract. *E.g.,*

25    *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 811 (1998). Far from seeking to

26    invalidate the contract, however, Plaintiffs have brought this motion to enforce the contract.

27    Additionally, Plaintiffs' counsel stated at oral argument that it would be impractical and

28    unrealistic to expect class members to return the settlement funds they have already received.

3

United States District Court

For the Northern District of California

Thus, the Court construes Plaintiffs' argument as originally presented in the moving papers: that the settlement agreement should be interpreted to include managers at Zales Outlet stores in California during the class period, not that there was a lack of mutual consent.

Plaintiffs argue that they understood use of the term "Zales Jewelers" in the settlement agreement to clarify that other brands owned by Zale Delaware, Inc., including Gordon's Jewelers and Piercing Pagoda, were not covered by the lawsuit or settlement. However, Plaintiffs offer no evidence to that effect.

In addition, Plaintiffs' acknowledgment that other Zale brands are not part of this case defeats their argument that Zales Outlet employees should be included in the class based on the listing of Zale Delaware, Inc. on Outlet employees' W-2 forms. There is no evidence that Zale Delaware, Inc. is listed as the employer only for employees who work for stores that carry the Zales name, as opposed to Gordon's Jewelers, Piercing Pagoda, or other Zale brands.

Plaintiffs next argue that Defendant's 10-K filings with the Securities and Exchange Commission ("SEC") support their contention that Zales Outlet is a division of Zales Jewelers. For example, the 1998 Form 10-K states that "the Zales Division had 695 Zales stores and six Zales Outlet stores." Ex. C to Pls.' Req. for Judicial Notice at 4.[1]  The 2008 and 2009 10-K filings state that "Zales Jewelers® is our national brand in the U.S., providing jewelry to its value-oriented customers. We have further leveraged the brand strength through Zales Outlet®. . . ." Exs. A (2009 Form 10-K) & B (2008 Form 10-K) to Pls.' Req. for Judicial Notice at 1. The SEC filings also state that "Zales outlet was established as an extension of the Zales brand and capitalizes on Zales' national advertising and brand recognition." 2008 Form 10-K at 2; 2009 Form 10-K at 3. However, all of the SEC filings presented by Plaintiffs draw a distinction between "Zales stores" or "Zales Jewelers stores" on the one hand, and "Zales Outlet stores" on the other. The 2008 and 2009 filings also talk about Zales Jewelers and Zales Outlet as separate brands, as does the company's website, Ex. I to Conway Decl. Thus, in the absence of any evidence that the parties agreed that the

---

[1]Plaintiffs' unopposed requests for judicial notice are GRANTED.

1    class of "Zales Jewelers" managers would include Zales Outlet managers, the more

2    reasonable conclusion is that the Outlet managers should not be included in the class.

3         This conclusion is further bolstered by the history of discovery in this case. Plaintiffs

4    served an interrogatory asking Defendant to "state the store number and address of each of

5    DEFENDANT'S retail store locations doing business in California." Ex. B to Conway Decl.

6    at 3. Defendant's response included only the locations for Zales Jewelers stores and did not

7    include any of the Zales Outlet stores. *Id.* at 3-6. Another interrogatory asked Defendant to

8    "specify the square footage for each individual retail location in California" if Defendant

9    contended that class certification should be denied in part because of variation in square

10   footage. Ex. C to Conway Decl. at 4. Zale's response again included only locations for

11   Zales Jewelers stores and not Zales Outlet stores. *Id.* at ZALE-FLORES003623-24. Not

12   once during the meet and confer process did Plaintiffs raise the issue of Zales Outlet stores.

13   This is despite the fact that the locations of Zales Outlet stores are publicly available, so

14   Plaintiffs' counsel could easily have checked this information against the list of stores

15   provided by Defendant in response to the interrogatories.

16        Plaintiffs' counsel stated that they have litigated several other class actions involving

17   retail stores in California, and the defendants in those cases never disputed whether outlet

18   stores should be included. However, counsel did not explain whether these other cases

19   involved corporations that considered the regular and outlet stores to be separate brands, as

20   Defendant does here. In this case, as Plaintiffs' counsel conceded at oral argument, counsel

21   "missed stuff," and Zales Outlet stores and managers were never discussed by the parties

22   prior to Ms. Maldonado's post-settlement contact.

23        Based on all of the above, it appears to the Court that Plaintiffs' counsel either

24   assumed that Zales Outlet employees were covered by the settlement because outlet

25   employees were included in prior settlements involving different retail chains, or counsel

26   simply did not consider the issue. In any case, it is clear that Defendant considered the class

27   to include only Zales Jewelers managers, and not Zales Outlet managers, and Plaintiffs never

28   questioned that interpretation during discovery or settlement negotiations. Thus, after

5

considering all of the evidence presented, the only reasonable conclusion is for the Court to interpret "Zales Jewelers" in the settlement agreement to include only Zales Jewelers, and not Zales Outlet, stores.  Accordingly, with good cause appearing, Plaintiffs' motion to enforce the settlement agreement is DENIED.

**IT IS SO ORDERED.**

Dated:   07/22/10

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT